[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15740
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 28, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00077-CR-T-25-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIO SANCHEZ CIFUENTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 28, 2005)

Before BIRCH, CARNES  and PRYOR, Circuit Judges.

PER CURIAM:

Emilio Sanchez Cifuentes appeals his 135-month sentence for conspiracy to

possess with intent to distribute five kilograms or more of cocaine while onboard a

vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), (j) and 21 U.S.C. § 960(b)(1)(B)(ii). We REMAND for resentencing and DISMISS as to his sentence appeal waiver.

## I. BACKGROUND

In February, 2004, several individuals, including Cifuentes, departed Colombia on a fishing vessel bearing the Colombian flag with the intention of smuggling a load of cocaine. On or about 21 February 2004, a United States aircraft spotted the boat approximately 432 nautical miles south of Acapulco, Mexico. A United States Coast Guard cutter intercepted the boat, which was boarded. In accordance with a bilateral agreement with the Colombian government, law enforcement agents searched the boat. Concealed in a hidden compartment, they found 214 bales of cocaine, weighing a total of 4,853 kilograms.

Subsequently, Cifuentes was one of fourteen men named in a two-count indictment. He and the others were charged with violation of 46 U.S.C. § 1903 (a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One) and 46 U.S.C. § 1903 (a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). The indictment also included a forfeiture provision.

Appearing before a magistrate judge at his change-of-plea hearing,

2

Cifuentes, using an interpreter, agreed to plead guilty to Count One of the indictment pursuant to a written plea agreement. As part of the plea agreement, the government promised to move for dismissal of Count Two at the time of sentencing.[1] R2 at 11. The plea agreement contained a provision titled "Appeal of Sentence; Waiver," which stated:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, . . . the defendant is released from this waiver . . . .

R1-134 at 13.

During the plea colloquy, the magistrate judge informed Cifuentes that his plea agreement contained a sentence appeal wavier. R2 at 18. The magistrate judge explained to Cifuentes that, by signing the plea agreement, he was giving up his right to file an appeal except in "very limited circumstances." Id. The

---

[1] The district court did formally dismiss Count Two at the sentencing hearing. R3 at 9.

magistrate judge informed Cifuentes that he could file an appeal only if: (1) the government filed an appeal, (2) the court imposed a sentence in excess of the statutory or Sentencing Guidelines maximum, (3) the sentence was in violation of the law apart from the Sentencing Guidelines, or (4) the issue was raised under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004).[2] Id. at 18-19.

The magistrate judge also asked Cifuentes if he understood that, outside of these limited circumstances, the appeals court in all likelihood would reject the appeal without reaching the merits because of his waiver, to which Cifuentes replied, "Yes." Id. at 19. To confirm this, the magistrate judge asked Cifuentes if he understood his right to file an appeal, to which Cifuentes replied, "Yes." Id. at 20. The magistrate judge then proceeded to ask him if he had "voluntarily waive[d] that right as agreed to in this plea agreement?" Cifuentes again replied in the affirmative. Id. The magistrate judge then entered a report and recommendation recommending that the district court accept the plea agreement. Pursuant to the report and recommendation, the district court accepted the guilty plea.

The Presentence Investigation Report ("PSI") calculated a base offense level

---

[2] The government stated on the record that it did not intend to have Cifuentes waive any issues with respect to Blakely. R2 at 9. The government did not foresee any Blakely or enhancement issues in the case. Id.

of 38, a two-level decrease for meeting the safety-valve provisions, a two-level reduction for acceptance of responsibility, and a one-level reduction for a timely guilty plea, for a total offense level of 33. Cifuentes's criminal history category was I, and the PSI calculated a sentence between 135 to 168 months of imprisonment. Cifuentes did not object to any of the PSI's calculations.

Even though Cifuentes had not objected to the PSI's failure to recommend a minor-role reduction, at the sentencing hearing the district judge stated for the record that it would have overruled any such objection in light of the controlling law and the quantity of drugs involved. R3 at 4-5. As to the length of the sentence, the court stated that it intended to treat Cifuentes the same as the other codefendants with the same offense level and criminal history category who pled "straight up," by sentencing him to the low end of the Sentencing Guidelines range. Id. at 6. When asked if he had anything to say in mitigation, Cifuentes asked the court to sentence him between zero and life without regard to the Sentencing Guidelines and the minimum mandatory based on 18 U.S.C. § 3553, citing to Blakely. Id. In response the following exchange occurred:

> THE COURT: No, you have to make the motion, you never know what is going to happen. I'll deny – I'm going to – to the extent that is a motion, I will deny it.
> As we all know, the Eleventh Circuit Court of Appeals has weighed in on the Blakely controversy, held in United States versus Reese the Federal Sentencing Guidelines were not affected by

5

<u>Blakely</u>, although it's interesting. They say the District Courts may consider doing something differently, but they didn't tell us what it was we should be doing, and I don't know.

MR. SMITH [Cifunetes's attorney]: I'm asking that he be sentenced between zero to life.

THE COURT: Well, let me ask you, what if I give him more than 135 months and held the guidelines unconstitutional; what then? Is he stuck with that?

MR. SMITH: Probably would be. I don't think he merits 135 months based upon his conduct.

THE COURT: Well, I decline to do that. If the United States Supreme Court in their infinite wisdom say the guidelines are unconstitutional, we'll just deal with these cases again, that's all.

<u>Id.</u> at 6-7. At the conclusion of the hearing, the court sentenced Cifuentes to 135 months of imprisonment followed by a three-year term of supervised release. <u>Id.</u> at 8. The court also informed Cifuentes that there was a waiver-of-appeal provision in his plea agreement, and, to the extent his plea agreement allowed it, he would have to file any appeal within ten days from the judgment or he would waive any right to appeal. <u>Id.</u> at 9-10.

On appeal, Cifuentes argues that, because he was sentenced pursuant to a mandatory sentencing scheme, his case should be remanded to the district court for resentencing. He also argues that the district court erred in finding that he was not a minor or minimal participant in the offense for purposes of applying U.S.S.G.

6

§ 3B1.2. The government concedes that remand is necessary to correct the application of the Sentencing Guidelines as mandatory but argues that we should dismiss the appeal as to the mitigating-role reduction because the claim is barred by Cifuentes's valid sentence-appeal waiver.

## II. DISCUSSION

A. Statutory Booker Error

Because of the mandatory nature of the Sentencing Guidelines, Cifuentes argues that the district court was unable to sentence him in accordance with the statutory dictates of 18 U.S.C. § 3553. If it had not been for the mandatory nature of the Sentencing Guidelines, Cifuentes asserts that the court might have taken into consideration a multitude of factors about his life, such as his impoverished lifestyle, in fashioning a reasonable sentence. Moreover, if it had not been for the mandatory nature of the Sentencing Guidelines, Cifuentes contends that the court would have been able to consider the full extent of his cooperation and role in the offense, which might have resulted in a lesser sentence. He further contends that, in light of the court's statements at sentencing, the government will not be able to show that the error was harmless beyond a reasonable doubt.

In Apprendi v. New Jersey, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

7

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63 (2000). In Blakely, the Supreme Court reversed an upward departure imposed under the State of Washington's sentencing guidelines based solely on judicial factfinding and clarified "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at ___, 124 S.Ct. at 2537. In a footnote, however, the Court explicitly remarked that "[t]he Federal Guidelines are not before us, and we express no opinion on them." Id. at ___ n.9, 124 S.Ct. at 2538 n.9.

Resolving a constitutional question left open in Blakely, the Court held in United States v. Booker, 543 U.S. __, 125 S.Ct. 738 (2005), that the mandatory nature of the Federal Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. Id. at __ , 125 S.Ct. at 749-51. In a second and separate majority opinion, the Court in Booker concluded that, to best preserve Congress's intent in enacting the Sentencing Reform Act of 1984, the appropriate remedy was to "excise" two statutes: (1) 18 U.S.C. § 3553(b)(1), requiring a sentence within the Sentencing Guidelines range, absent a departure, and (2) 18 U.S.C. § 3742(e), establishing standards of review on appeal, including

8

de novo review of departures from the applicable guideline range, effectively rendering the Sentencing Guidelines advisory only. Id. at \_\_\_, 125 S.Ct. at 764. The Supreme Court noted, however, that courts must continue to consult the Sentencing Guidelines, "together with other sentencing goals." Id.

We have clarified that there are two types of Booker error: (1) Sixth Amendment error based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proved beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory guidelines system. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). "Where there is a timely objection, we review the defendant's Booker claim in order to determine whether the error was harmless."[3] United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005) (per curiam). We have explained that "[t]here are two harmless error standards. One of them applies to Booker constitutional errors, the other to Booker statutory errors." Id. "[C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence. Booker statutory errors, on the other hand, are subject to the less demanding test that is applicable to non-constitutional errors." Id. at 1291-92 (citation omitted). We further explained:

---

[3] We review this issue despite the fact that Cifuentes executed a sentence appeal waiver because the government assented that any Blakely argument was not waived.

9

> A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error.

Id. at 1292 (citations, alterations, and omissions omitted). Nonetheless, we have stated that "[t]he non-constitutional harmless error standard is not easy for the government to meet. Id.

The district judge in this case stated: "If the United States Supreme Court in their infinite wisdom say the guidelines are unconstitutional, we'll just deal with these cases again, that's all." R3 at 7. Based on this statement, we cannot say with fair assurance that the sentence was not substantially swayed by the error. See Mathenia, 409 F.3d at 1292. Accordingly, the government cannot carry its burden of showing that the statutory error was harmless, as it has conceded. Therefore, we vacate and remand for resentencing for the sole purpose of having the district court apply the Sentencing Guidelines in an advisory fashion in accordance with Booker.

B. Sentence Appeal Waiver

Cifuentes argues that the district court erred in finding that he was not a minimal or minor participant in the offense. He contends that the court focused on the amount of cocaine involved to the exclusion of other mitigating factors. He notes that our court in United States v. DeVaron, 175 F.3d 930 (11th Cir. 1999) (en

10

banc), does not preclude an individual engaged in the transport of drugs from receiving a minor-role adjustment. Cifuentes distinguishes himself from the courier in De Varon because he was a low-level crew member with no authority who had no role in planning the operation nor any equity interest in the drugs. Because of his lack of authority and his status as a low-level crewman, Cifuentes argues that he was less culpable than many of those involved in the conspiracy and, thus, the court erred when it did not grant him a minor-role reduction. Cifuentes does not argue concerning the implications of his sentence appeal waiver on this issue.

We review the provisions of a sentence appeal waiver de novo. United States v. Weaver, 275 F.3d 1320, 1333 n. 21 (11th Cir. 2001). We have recognized that "[p]lea bargains . . . are like contracts and should be interpreted in accord with what the parties intended." United States v. Rubbo, 396 F.3d 1330, 1334 (11th Cir. 2005), cert. denied, 2005 WL 2493867 (U.S. Oct. 11, 2005) (No. 04-1663). "'Waiver will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.'" United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.) (per curiam), cert. denied, __ U.S. __, 125 S.Ct. 2279

11

(2005).  Moreover, "[a]n appeal wavier includes the wavier of the right to appeal difficult or debatable legal issues or even blatant error."  Id.

Cifuentes knowingly and voluntarily waived his right to appeal the district court's Sentencing Guidelines determinations.  By arguing that the district court should have found him to be a minimal or minor participant, Cifuentes is appealing the district court's application of the Sentencing Guidelines, which the waiver explicitly prohibits.   It is apparent from the record that the magistrate judge specifically questioned Cifuentes about the waiver during the plea colloquy.  Furthermore, based on Cifuentes's answers to the magistrate's questions, he fully understood the significance of the waiver.  Accordingly, we dismiss Cifuentes's appeal as it relates to issue of whether he was a minimal or minor participant.

### III. CONCLUSION

Cifuentes has appealed his 135-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States based on Booker and sentence appeal waiver.  As we have explained, Cifuentes's sentence is VACATED, and he will be sentenced in accordance with Booker on remand.  Additionally, the issue he raises on appeal concerning his sentence appeal waiver is DISMISSED.

**VACATED AND REMANDED in part, DISMISSED in part.**

12