[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 23, 2007
THOMAS K. KAHN
CLERK

No. 06-13402
Non-Argument Calendar

_____

D. C. Docket No. 05-00292-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOU WILLIAM VALLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(February 23, 2007)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Lou William Vallas ("Vallas") appeals his conviction and 92-

month sentence imposed following his guilty plea for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On appeal, Vallas argues that evidence obtained pursuant to a cooperation agreement with Mobile Police Department officers should have been suppressed because officers breached the agreement by moving forward with the federal gun charge. Vallas appears to argue that because officers broke their promise, his confession regarding his involvement in certain property crimes was involuntary and, therefore, those statements should have been suppressed in this case. In addition, Vallas argues that the district court should have dismissed the case due to police misconduct.[1]

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999). We accept the district court's findings of fact to be true, unless shown to be clearly erroneous, and we review the district court's application of the law to those facts *de novo*. *Id.* These factual findings include the district court's credibility determinations, to which we give considerable deference. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (citation omitted). We review

---

[1] While Vallas challenges both the denial of his motion to dismiss and the motion to suppress, we need not address these issues separately because both of his arguments rely on the premise that the officers breached the agreement.

for an abuse of discretion a district court's ruling on a motion to dismiss an indictment on the basis of prosecutorial misconduct. *United States v. Jordan*, 316 F.3d 1215, 1248-49 (11th Cir. 2003). "A district court abuses its discretion if, in making the decision at issue, it applies the incorrect legal standard or makes findings of fact that are clearly erroneous." *Id.* at 1249.

"The Fifth Amendment prohibits the use of an involuntary confession against a defendant in a criminal trial." *United States v. Thompson*, 422 F.3d 1285, 1295 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 748 (2006). "We focus our voluntariness inquiry on whether the defendant was coerced by the government into making the statement: The relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception." *Id.* (internal quotations and citations omitted). In assessing voluntariness, the district court must consider the totality of the circumstances in assessing whether police misconduct was causally related to the confession. *Id.*[2] (internal quotations and citation omitted).

Here, we conclude from the record that the district court did not clearly err in finding that there was no breach of an agreement by law enforcement. Vallas

---

[2] Vallas does not argue that his confession was involuntary merely because the promise was made and, other than the breach, he does not point to any "circumstances" that would render the confession involuntary. Accordingly, we need only address whether there was a breach of the cooperation agreement which rendered the confession involuntary.

3

and Officer Beadnell's testimony conflicted regarding whether Vallas had promised not to get into any more trouble as part of the agreement. The district court implicitly made a credibility determination that, based on Beadnell's testimony, this condition was a part of the agreement. Because this finding is entitled to deference, we conclude that the district court did not clearly err in making this finding.

Mobile police officers initially fulfilled their end of the bargain by ensuring that agents with the Federal Bureau of Alcohol Tobacco and Firearms did not move forward on the federal gun charge. However, when they learned that Vallas had been caught "red-handed" breaking and entering into two storage units in January 2005, they appropriately concluded that the agreement had been breached and that they could move forward on the gun charge. Accordingly, we hold that the district court did not err in denying Vallas's motions to dismiss and to suppress.

Next, Vallas also argues that the district court erred in sentencing him because: (1) the sentence was unreasonable; (2) the court applied enhancements based on facts that had not been decided upon by a jury; and (3) the process by which the district court attempted to fashion a reasonable sentence violates the Sixth Amendment because any factor that increases punishment must be decided by a jury.

Because Vallas entered into a verbal plea agreement that contained a limited appeal waiver, we must first determine to what extent the waiver bars our review of these issues.

The validity of a sentence-appeal waiver is a question of law that we review *de novo. United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004). We have consistently held that a sentence-appeal waiver is valid if a defendant enters into it knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (citing cases). In order to establish that the waiver was knowing and voluntary, the government must demonstrate that either "(1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir.) (citation and internal quotations omitted), *cert. denied*, 544 U.S. 1041, 125 S. Ct. 2279 (2005). The waiver can include the waiver of the right to appeal "difficult or debatable legal issues or even blatant error." *United States v. Frye*, 402 F.3d 1123, 1129 (11th Cir.) (citation and internal quotations omitted), *cert. denied*, 545 U.S. 1141, 125 S. Ct. 2986 (2005). Broad waiver language also precludes challenges on *Apprendi/Booker*[3] grounds. *Grinard-Henry*, 399 F.3d at 1296.

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000); *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

The record demonstrates that during the plea colloquy, the government articulated the specific provisions of the appeal waiver and Vallas acknowledged that he understood that he was waiving his right to appeal except under the limited circumstances discussed by the government during the hearing.[4] The court found that Vallas understood the consequences of his guilty plea, and that he was entering it knowingly and voluntarily. Because the appeal waiver and its limited exceptions were articulated during the hearing, and because Vallas acknowledged that he understood the significance of the waiver, we conclude that the appeal waiver was valid. *Grinard-Henry*, 399 F.3d at 1296.

Although Vallas makes several arguments in an attempt to attack the validity of his sentence, none of the exceptions to the appeal waiver apply. Therefore, we decline to consider his arguments regarding the sentence's reasonableness and his *Apprendi/Booker* arguments because they are all barred by the enforceable appeal waiver. *See Grinard-Henry*, 399 F.3d at 1296; *Frye*, 402 F.3d at 1129. Accordingly, we dismiss Vallas's appeal as to his sentence.

**DISMISSED IN PART; AFFIRMED IN PART.**

---

[4] The government and Vallas agreed that he would waive all appellate rights except he could: (1) appeal any punishment in excess of the statutory maximum; (2) appeal any punishment that constitutes an upward departure from the applicable advisory guideline range; (3) appeal any claim of ineffective assistance of counsel; (4) appeal the rulings on the motions to suppress and to dismiss; and (5) petition for resentencing if there were any retroactive changes that would affect the application of the sentencing guidelines to his case.