[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 06-12995
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-80197-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK M. MAKLER,

Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

-----------------------------------------------------------------

(October 4, 2007)

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jack Makler appeals his conviction and 60-month sentence following his guilty plea for honest services fraud, 18 U.S.C. §§ 1343 and 1346.  No reversible error has been shown; we affirm.

Makler pled guilty pursuant to a written plea agreement with the government; and he contends that the government breached that plea agreement by not recommending that Makler receive a sentence reduction for acceptance of responsibility.  Makler's plea agreement stated that the government would recommend at sentencing that the district court reduce Makler's offense level by two levels "based upon [Makler's] recognition and affirmative and timely acceptance of personal responsibility."  The plea agreement also stated that, if Makler's offense level was 16 or more, then the government would request that Makler's offense level be reduced by one additional level.

Makler's pre-sentence investigation report ("PSI") did not recommend applying a downward adjustment to Makler's offense level for acceptance of responsibility; and Makler objected to the PSI's failure to make this recommendation.  Makler also made many other factual objections to the PSI.  The government then filed a sentencing memorandum acknowledging that Makler had pled guilty but arguing that "by virtue of many of his factual objections as well as his financial maneuvering to avoid solvency for restitution which will be ordered

2

by the Court," Makler did not deserve a reduction in his offense level for acceptance of responsibility. At sentencing, the government asserted that, although Makler did not deserve an acceptance of responsibility reduction, for "practical purposes" the district court could award Makler a two-level reduction in his offense level. The district court reduced Makler's offense level by two levels; so his advisory Guidelines range was 151 to 188 months' imprisonment.[1]

Makler argues that the government breached its plea agreement by opposing his effort to receive a three-level reduction in his offense level for acceptance of responsibility. Because Makler did not argue before the district court that the government had breached the plea agreement, we review this issue only for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Therefore, Makler must establish "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. (internal quotation omitted). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation omitted).

---

[1]After applying the two-level reduction for acceptance of responsibility, Makler's offense level was 34; and his criminal history category was I.

In this case, Makler cannot establish error that affected his substantial rights. Although Makler's advisory Guidelines range was 151 to 188 months and the district court explained that a sentence within that range would have been reasonable, the statutory maximum sentence -- and the sentence imposed on Makler -- was only 60 months' imprisonment.[2] Makler has not shown that the government's failure to recommend the additional one-level decrease in his offense level would have affected his sentence because, even if his offense level had been reduced by one additional level, his Guidelines range still would have far exceeded the applicable statutory maximum sentence.[3] Makler has not shown plain error.

Makler next asserts that his sentence should be vacated because the government argued at sentencing that the statutory maximum of five years' imprisonment for Makler's offense was later increased to 20 years' imprisonment. The government responds that Makler's argument is foreclosed by the sentence appeal waiver provision of his plea agreement. We agree.

_____

[2]Makler committed his offense through 2002, when the statutory maximum sentence for honest services fraud was 60 months' imprisonment. See 18 U.S.C. § 1343 (2002).

[3]To the extent that Makler argues that the government's discussion at sentencing of his lack of acceptance of responsibility impermissibly affected his sentence, we are unpersuaded by this argument. As discussed, the district court noted that a sentence within Makler's Guidelines range -- which was much higher than the sentence imposed -- would have been reasonable.

We review the validity of a sentence appeal waiver de novo. United States v. Copeland, 381 F.3d 1101, 1104 (11th Cir. 2004). A sentence appeal waiver is enforceable if a defendant enters into it knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that the waiver was knowing and voluntary, the government must demonstrate that either "(1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).

The record shows that the district court reviewed the terms of Makler's sentence appeal waiver at his plea colloquy and asked Makler if he understood that he was waiving his right to appeal his sentence unless his sentence exceeded the statutory maximum or was the result of an upward departure. Makler acknowledged that he understood his right to appeal except under the limited circumstances discussed by the district court. We conclude that Makler's sentence appeal waiver was valid. See id. Because Makler's challenge to his sentence does

not fall within an exception to his appeal waiver, we decline to consider his arguments.[4]

We affirm Makler's conviction and sentence.

**AFFIRMED.**

---

[4]After the district court imposed Makler's sentence, the district court informed Makler that he had the right to appeal his sentence and that his "plea agreement has a provision related to this . . . ." Makler now asserts that, because the district court told him that he could appeal his sentence and the government did not object to the district court's statement, Makler should be permitted to challenge his sentence despite his sentence appeal waiver. We reject this argument as without merit. See United States v. Bascomb, 451 F.3d 1292, 1297 (11th Cir. 2006) ("[A]s long as an appeal waiver is voluntarily and knowingly entered into as part of a valid plea agreement, and that agreement is accepted by the court, the waiver is enforceable. It cannot be vitiated or altered by comments the court makes during sentencing."); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999) (explaining that district court's statement at sentencing encouraging defendant to appeal his sentence -- to which no party objected -- did not modify sentence appeal waiver provision of plea agreement).