[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12677

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**February 11, 2005**
**THOMAS  K. KAHN**
**CLERK**

D. C. Docket No. 03-00437-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO GRINARD-HENRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

Before CARNES, HULL and MARCUS, Circuit Judges.

BY THE COURT:

Appellant Mauricio Grinard-Henry appeals his 135-month sentence imposed

after he pled guilty to federal drug charges.  Specifically, in his initial brief on

appeal, Grinard-Henry challenged on Blakely/Apprendi grounds the district court's sentencing him based on a drug quantity greater than the amount to which he pled guilty based on its own factual findings. The government moved to dismiss Grinard-Henry's appeal based on the appeal waiver in his plea agreement, and this Court granted the government's motion and dismissed the appeal on December 23, 2004. Grinard-Henry now seeks reconsideration of the dismissal in light of the Supreme Court's decision in United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). Grinard-Henry's motion for reconsideration is DENIED.

## A. Plea Agreement

Grinard-Henry's plea agreement acknowledged that Grinard-Henry would be sentenced in conformance with the federal sentencing guidelines; that Grinard-Henry agreed that the court had jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines; and that Grinard-Henry waived the right to appeal his sentence with certain limited exceptions. Specifically, the plea agreement stated, in relevant part, as follows:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and

2

authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Emphasis added.) Thus, the plea agreement contained only four exceptions to the appeal waiver: (1) an upward departure, (2) a sentence above the statutory maximum, (3) a sentence in violation of the law apart from the sentencing guidelines, and (4) an appeal by the government.

During the change-of-plea colloquy with Grinard-Henry, the magistrate judge explained to Grinard-Henry the significance of the appeal-waiver provision, specifically questioned him about the waiver, and confirmed Grinard-Henry's understanding.

**B. Discussion**

"Waiver will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997); see also United States v. Buchanan, 131 F.3d 1005,

3

1008-09 (11th Cir. 1997); United States v. Bushert, 997 F.2d 1343, 1350-51 (11th

Cir. 1993). An appeal waiver includes the waiver of the right to appeal difficult or

debatable legal issues or even blatant error. See United States v. Howle, 166 F.3d

1166, 1169 (11th Cir. 1999). Specifically, "the right to appeal a sentence based on

Apprendi/Booker grounds can be waived in a plea agreement. Broad waiver

language covers those grounds of appeal." United States v. Rubbo, — F.3d —,

2005 WL 120507 at *5 (11th Cir. Jan. 21, 2005).

Here, the record is clear that the magistrate judge specifically questioned

Grinard-Henry during the plea colloquy about the appeal waiver, adequately

explained the significance of the appeal waiver, and confirmed that Grinard-Henry

understood the full significance of the appeal waiver. In addition, the general

appeal-waiver language of the plea agreement is broad enough to include an

Apprendi/Blakely/Booker claim. See id. Thus, the only question is whether the

Apprendi/Blakely/Booker issue raised by Grinard-Henry in this appeal falls within

any of the plea agreement's exceptions.

To determine whether Grinard-Henry waived the right to appeal on the basis

of the Apprendi/Blakely/Booker issue, we interpret the plea agreement in

accordance with the intentions of the parties. See Rubbo, 2005 WL 120507 at 4.

Viewing the plea agreement as a whole, we conclude that Grinard-Henry waived

4

any Apprendi/Blakely/Booker claim for several reasons.

One of the exceptions allowed Grinard-Henry to appeal a sentence "above the statutory maximum." This Court recently held that the term "statutory maximum," in a plea agreement permitting appeal in the limited circumstance of a sentence exceeding the statutory maximum, refers to "the longest sentence that the statute which punishes a crime permits a court to impose, regardless of whether the actual sentence must be shortened in a particular case because of the principles involved in the Apprendi/Booker line of decisions." Rubbo, 2005 WL 120507 at *5. Because Grinard-Henry's sentence does not exceed the relevant statutory maximum, he is not entitled to appeal his sentence under this exception.

The only other potentially applicable exception is the one allowing Grinard-Henry to appeal "a sentence in violation of the law apart from the sentencing guidelines." Grinard-Henry's appeal asserts that the district court sentenced him based on a drug quantity greater than the quantity to which he pled guilty, based on facts not found by a jury, and thus his sentence violates the Fifth and Sixth Amendments.[1] The appeal in effect asserts that the sentencing guidelines were unconstitutionally applied to his case, and thus Grinard-Henry's challenge directly

---

[1]Grinard-Henry's brief on appeal also asserts that the district court erred in denying him a minor-role adjustment pursuant to U.S.S.G § 3B1.2 and in denying him a downward departure because he was a foreign national who would be incarcerated far from his home and family. These issues clearly were waived by the appeal waiver and merit no further discussion.

involves the application of the sentencing guidelines. It does not allege a "violation of the law apart from the guidelines."

This conclusion is also reinforced by two other provisions of the plea agreement. First, the plea agreement stated that Grinard-Henry understood and acknowledged that his sentence would be imposed in conformity with the sentencing guidelines. Second, Grinard-Henry agreed that the court had jurisdiction and authority to impose <u>any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines</u>. These two provisions further demonstrate that Grinard-Henry conceded the applicability of the sentencing guidelines to his case and did not seek to preserve the right to claim that the sentencing guidelines were unconstitutional and could not be applied to his case. Accordingly, we conclude that Grinard-Henry's <u>Apprendi</u>/<u>Blakely</u>/<u>Booker</u> claim on appeal does not fall within any of the exceptions to his appeal waiver.

Because Grinard-Henry knowingly and voluntarily waived his right to appeal his sentence on the grounds he asserts on appeal, this appeal was properly dismissed, and Grinard-Henry's motion for reconsideration is DENIED.

**DENIED.**