[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 13, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14111
Non-Argument Calendar

_____

D.C. Docket No. 04-00003-CR-CB

UNITED STATES of AMERICA,

Plaintiff-Appellee,

versus

NOEL MCWILLIAMS CUSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Alabama

_____

**(April 13, 2005)**

**ON PETITION FOR PANEL REHEARING**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

The panel's opinion in this case issued on January 10, 2005. The mandate was

withheld pursuant to a request by an active judge.  Appellant now moves for panel rehearing based on the Supreme Court's intervening decision in United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005), which issued two days after our opinion in the instant appeal.  Based on our conclusion that Custer timely raised his Booker-based claim, in both the district court and this Court, we GRANT the motion for rehearing and vacate our previous opinion.

In our January 10, 2005 opinion, we affirmed Appellant's conviction, imposed pursuant to his plea of guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).  We rejected Appellant's challenge to the district court's imposition of a four-level sentencing enhancement because the pornographic images depicted sadistic behavior, pursuant to U.S.S.G. § 2G2.2(b)(3), and a five-level enhancement for engaging in a pattern of activity that involved the sexual exploitation or abuse of a minor, pursuant to U.S.S.G. § 2G2.2(b)(4).

In his initial brief, Custer argued the district court erred by rejecting his argument, which was timely raised at his sentencing hearing before the district court, that the facts supporting the enhancements were not charged in the indictment or admitted by him in his plea colloquy or plea agreement.[1]  Custer asserted that the

---

[1]    We note that Custer's plea agreement did not contain a sentence-appeal waiver. Cf. United States v. Rubbo, 396 F.3d 1330 (11th Cir. 2005) (holding that plea agreement language permitting defendant to escape appeal waiver if "the sentence exceeds the maximum permitted by

2

enhancements were unconstitutional under <u>Blakely v. Washington</u>, 542 U.S. __, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (holding that the imposition of a sentencing enhancement must be supported by facts that were either admitted by the defendant or found beyond a reasonable doubt by the jury). In our prior opinion, we concluded that <u>Blakely</u> did not apply to the Federal Sentencing Guidelines and did not compel a departure from previous precedent of the Supreme Court and this Circuit.

In <u>Booker</u>, 125 S. Ct. at 755-56, the Supreme Court extended the reasoning of <u>Blakely</u> to the Federal Sentencing Guidelines. Because (1) Custer timely raised the issue in the district court; (2) his plea agreement did not contain a sentence-appeal waiver; and (3) he asserted the claim in his initial brief in this Court, we GRANT his petition for rehearing and VACATE our previous opinion with respect to his challenge to his sentence.

Accordingly, we VACATE Custer's sentence and REMAND to the district court for resentencing consistent with the Supreme Court opinion in <u>Booker</u>.

**PETITION GRANTED.**

---

statute" did not allow defendant to appeal sentence based on <u>Booker</u>). Accordingly, the government has not moved to dismiss this appeal. <u>Cf.</u> <u>United States v. Grinard-Henry</u>, __ F.3d __, 2005 WL 327265 (11th Cir. Feb. 11, 2005) (denying motion for reconsideration of order granting government's motion to dismiss appeal based on appeal-waiver provision in appellant's plea agreement; holding that <u>Booker</u> claim did not fall within one of appeal waiver's enumerated exceptions).

3