[PUBLISH]

**CORRECTED OPINION**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**April 13, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-14111
Non-Argument Calendar

_____

D.C. Docket No. 04-00003-CR-CB

UNITED STATES of AMERICA,

Plaintiff-Appellee,

versus

NOEL MCWILLIAMS CUSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Alabama

_____

(April 13, 2005)

**ON PETITION FOR PANEL REHEARING**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

The panel's opinion in this case issued on January 10, 2005. The mandate

was withheld pursuant to a request by an active judge. Appellant now moves for panel rehearing based on the Supreme Court's intervening decision in United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005), which issued two days after our opinion in the instant appeal. Based on our conclusion that Custer timely raised his Booker-based claim, in both the district court and this Court, we GRANT the motion for rehearing and vacate our previous opinion.

In our January 10, 2005 opinion, we affirmed Appellant's conviction, imposed pursuant to his plea of guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). We rejected Appellant's challenge to the district court's imposition of a four-level sentencing enhancement because the pornographic images depicted sadistic behavior, pursuant to U.S.S.G. § 2G2.2(b)(3), and a five-level enhancement for engaging in a pattern of activity that involved the sexual exploitation or abuse of a minor, pursuant to U.S.S.G. § 2G2.2(b)(4).

In his initial brief, Custer argued the district court erred by rejecting his argument, which was timely raised at his sentencing hearing before the district court, that the facts supporting the enhancements were not charged in the

indictment or admitted by him in his plea colloquy or "Plea Document."[1] Custer asserted that the enhancements were unconstitutional under Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (holding that the imposition of a sentencing enhancement must be supported by facts that were either admitted by the defendant or found beyond a reasonable doubt by the jury). In our prior opinion, we concluded that Blakely did not apply to the Federal Sentencing Guidelines and did not compel a departure from previous precedent of the Supreme Court and this Circuit.

In Booker, 125 S. Ct. at 755-56, the Supreme Court extended the reasoning of Blakely to the Federal Sentencing Guidelines. Because (1) Custer timely raised the issue in the district court; (2) his unilateral Plea Document did not contain a sentence-appeal waiver; and (3) he asserted the claim in his initial brief in this Court, we GRANT his petition for rehearing and VACATE our previous opinion with respect to his challenge to his sentence.

---

[1] Custer filed a unilateral "Plea Document," to which the government was not a party, indicating his intent to plead guilty and admitting the elements of the charged offense, the statutory maximum sentence, and certain underlying facts. We note that this document did not contain a sentence-appeal waiver. Cf. United States v. Rubbo, 396 F.3d 1330 (11th Cir. 2005) (holding that plea agreement language permitting defendant to escape appeal waiver if "the sentence exceeds the maximum permitted by statute" did not allow defendant to appeal sentence based on Booker); see also United States v. Grinard-Henry, __ F.3d __, 2005 WL 327265 (11th Cir. Feb. 11, 2005) (denying motion for reconsideration of order granting government's motion to dismiss appeal based on appeal-waiver provision in appellant's plea agreement; holding that Booker claim did not fall within one of appeal waiver's enumerated exceptions).

Accordingly, we VACATE Custer's sentence and REMAND to the district court for resentencing consistent with the Supreme Court opinion in <u>Booker</u>.

**PETITION GRANTED.**