[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16000

_____

D. C. Docket No. 03-00014-CR-WLS-1

UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

VINCENT G. WILLIAMS,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 20, 2005)**

Before BIRCH, HULL and BOWMAN*, Circuit Judges.

PER CURIAM:

_____

*Honorable Pasco Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

On appeal, the defendant Vincent G. Williams appeals his 33-month sentence on two main grounds: (1) that the government breached the plea agreement by presenting evidence of defendant's additional ongoing criminal conduct and recommending denial of defendant's requested three-level reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1, and (2) that his sentence is in violation of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005).

After review and oral argument, we conclude that the district court did not err in denying the defendant acceptance of responsibility under § 3E1.1 of the Guidelines and in concluding that the government did not breach the plea agreement.

As to the *Booker* claim, we note that Williams' plea agreement contained the following sentence-appeal waiver:

> (H) Understanding that Title 18, United States Code, Section 3742, provides for appeal by a Defendant of Defendant's sentence under certain circumstances, **Defendant by this agreement waived any right to a direct appeal** or other review of Defendant's sentence by the District Court or Court of Appeals after conviction except in the case of an upward departure from the guidelines pursuant to 5K2.0 and 4A1.3 and any claim of ineffective assistance of counsel.

The right to appeal a sentence based on *Booker* grounds can be waived in a plea

agreement entered prior to *Booker*. *See United States v. Grinard-Henry*, 399 F.3d 1294, 1297 (11th Cir.), *cert. denied*, 125 S. Ct. 2279 (2005); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005), *petition for cert. filed*, 73 U.S.L.W. 3734 (June 7, 2005) (No. 04-1663). We will enforce a sentence-appeal waiver contained in a plea agreement where the government demonstrates that the district court specifically questioned the defendant about the waiver during the plea colloquy. *See United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).[1]

In this case, the district court specifically questioned Williams about the waiver during the plea colloquy, and Williams confirmed that he understood the waiver. Further, Williams validly waived his right to appeal any sentence imposed, and none of the exceptions to the waiver applies to this case. Moreover, the language of the appeal waiver is sufficiently broad enough to waive an appeal based on *Booker* grounds. Thus, Williams has waived his right to appeal based on *Booker*. *See Grinard-Henry*, 399 F.3d at 1297; *Rubbo*, 396 F.3d at 1335.

For all of these reasons, we affirm Williams' sentence.

**AFFIRMED.**

---

[1]"[T]he determination of whether a defendant effectively – that is knowingly and voluntarily – waived his right to appeal his sentence is a question of law that this court reviews *de novo*." *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) (citations omitted).