[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12212
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cr-00012-LGW-RSB-9

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMAR BRADLEY,
a.k.a. Vick,
a.k.a. Yungg Fye Bandzo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 24, 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jamar Bradley appeals the 215-month sentence he received after pleading guilty to conspiracy to possess with intent to distribute a controlled substance. As part of his written plea agreement, Bradley agreed to a sentence appeal waiver. Bradley signed the waiver, and the district court specifically questioned him about it during his plea colloquy. Bradley acknowledges this waiver, but asserts that he is excepted from its enforcement.

None of the exceptions provided for in the plea agreement apply. Bradley was not sentenced above the statutory maximum or outside the guidelines range, and the government did not appeal. And this is not one of those extreme circumstances that allow an appeal to proceed notwithstanding a waiver. See United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993). As a result, Bradley's sentence appeal waiver is enforceable. See id. at 1350–51 (holding that sentence appeal waiver will be enforced if it was made knowingly and voluntarily); see also United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005) (per curiam) (holding that waiver of the right to appeal "includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error"). The government's motion to dismiss this appeal pursuant to the appeal waiver in Bradley's plea agreement is **GRANTED**.