[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12396
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cr-00020-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DALE D. MARTIN,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 29, 2018)

Before TJOFLAT, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Dale Martin appeals the condition on his supervised release that he must

work at least 30 hours each week.

However, in his plea agreement, Martin waived his right to appeal sentencing issues, except for the right to appeal a sentence that exceeds the advisory guidelines range. The District Court questioned Martin under oath and concluded that he knowingly and voluntarily waived his right to appeal. We agree with that determination. *See United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (holding that "[a]n appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error"); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (holding that a sentence waiver is enforceable if it was made knowingly and voluntarily). The District Court sentenced Martin to the advisory guideline range, which rendered inapplicable the exception to his appeal waiver. Therefore, the appeal waiver bars the present appeal. *See United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir 2003) (noting that "the conditions of supervised release are a part" of a sentence).

Accordingly, the Government's motion to dismiss this appeal pursuant to the appeal waiver in the Appellant's plea agreement is

**GRANTED.**