[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  16-15868
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00029-SCJ-CMS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD PERKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 4, 2018)

Before ROSENBAUM, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

On April 8, 2016, Reginald Perkins pled guilty to one count of conspiracy to

commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h). At

the sentencing hearing, the District Court noted that Perkins's offense level was 29

and his criminal history category was VI, yielding a guideline imprisonment range of 151 to 188 months. The Court sentenced Perkins to 151 months' imprisonment.

On appeal, Perkins argues that the district court erred in calculating his sentencing guideline range because it improperly relied upon the government's proffered loss amount, which, Perkins argues, was unreliable and not supported by evidence. Specifically, the government contends that the loss amount was $1,000,000. It based this contention solely on Perkins's statement that he could have been a millionaire, "no questions asked," if he had not spent the money he made. Perkins made this statement to law-enforcement officers before his arrest. He does not deny that he made this statement or that the statement is admissible. Rather, he maintains that the statement was a "gross exaggeration" and that the government failed to produce any other "reliable and specific" evidence to corroborate the loss amount.

In response, the government has filed a motion to dismiss, arguing that Perkins's appeal is barred by the sentence-appeal waiver included in his plea agreement. In relevant part, the waiver provides that Perkins "waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding . . . on any ground," unless one of three exceptions applies. The exceptions preserve Perkins's right to appeal if (1) his sentence constitutes an upward departure or upward variance from

the guideline range as calculated by the district court; (2) he claims that his counsel rendered constitutionally ineffective assistance; or (3) the government initiates a direct appeal. The government contends that this waiver is enforceable because Perkins entered into the agreement knowingly and voluntarily. Moreover, the government notes that Perkins does not allege that the guilty plea or appeal waiver were unknowing or involuntary, and he does not claim that any of the exceptions to the waiver apply.

A sentence-appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.*

Here, the district court specifically questioned Perkins about the appeal waiver, and Perkins indicated that he understood the terms of the waiver and that he was freely and voluntarily giving up his right to appeal. After the government read the language of the appeal waiver and accurately explained its terms, including its exceptions, at the plea colloquy, Perkins indicated that he agreed with the government's description of the agreement. He further confirmed that no one

3

had used any force, threatened him, or promised him anything to enter into the plea agreement. Thus, the plea agreement and appeal waiver are enforceable.

The exceptions to Perkins's appeal waiver do not apply because Perkins's 151-month sentence does not constitute an upward departure or variance from his guideline range as calculated by the district court, he has not claimed ineffective assistance of counsel, and the government did not appeal. Moreover, the court explained to Perkins at sentencing that he had waived his right to appeal but that he could challenge his plea colloquy or the validity of the appeal waiver, itself. Nevertheless, Perkins raised neither issue in his appeal.

Even if the district court erred in calculating the loss amount applicable to Perkins's offense, Perkins's execution of a valid appeal waiver precludes his appeal of such an error. *See United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (noting that "[a]n appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error"). Accordingly, the government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is **GRANTED**. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error).

4

**DISMISSED.**