[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12179
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00395-VMC-TGW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GUADALUPE AVENDANO-VASQUEZ,
a.k.a. Matt,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 27, 2018)

Before TJOFLAT, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Guadalupe Avendano-Vasquez appeals from his conviction and sentence,

which included a three-year term of supervised release, imposed after he pleaded

guilty to transferring false identification documents, pursuant to a written plea agreement. He contends that there is a question as to whether his conviction was considered final for removal purposes, and his term of supervised release should be vacated because the district court did not consider his status as a defendant likely to be deported. The Government has moved to dismiss the appeal pursuant to the sentence appeal waiver contained in the plea agreement.

To the extent that Avendano-Vasquez challenges his removal or related proceedings, we lack jurisdiction to review his arguments and DISMISS in part his appeal for lack of jurisdiction. *See* U.S.C. § 1229a(a)(1), (3); 8 U.S.C. § 1252(a)(1), (b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

As to the remainder of the appeal, the Government's motion to dismiss the appeal pursuant to the appeal waiver in Avendano-Vasquez's plea agreement is GRANTED. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error).