[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12166
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00127-CG-MU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES DERRICK ROBERTSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 15, 2019)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

The United States moves to dismiss James Derrick Robertson's appeal of his sentence based on the appeal waiver in his plea agreement. After careful consideration, we conclude the waiver is enforceable and forecloses Robertson's appeal. We therefore grant the government's motion.

**I.**

Pursuant to a written plea agreement, Robertson pled guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b) and one count of obstructing justice in violation of 18 U.S.C. § 1519.

Robertson's plea agreement included an appeal waiver. It said:

> As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

The plea agreement listed several exceptions to this waiver. First, Robertson could appeal "any sentence imposed in excess of the statutory maximum" and "any sentence which constitutes an upward departure or variance from the advisory guideline range." Second, Robertson "reserve[d] the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion." Last, the plea

2

agreement releases Robertson from the appeal waiver if the government files a notice of appeal.

During Robertson's change of plea hearing, the court confirmed Robertson received the plea agreement, reviewed it with his attorneys, and signed it.  The court also asked Robertson if he understood that he was waiving his right to appeal "in all but [] three circumstances," which were: (1) if the sentence was "in excess of the statutory maximum"; (2) if the sentence "constitute[d] an upward departure or variance from the sentencing guideline range"; or (3) to raise an ineffective assistance of counsel claim.  The court did not explain that the plea agreement also permits Robertson to appeal if the government files a notice of appeal.  The court ultimately accepted Robertson's guilty plea, finding it was both "knowing and voluntary."

In its presentence investigation report ("PSR"), the probation office determined that Robertson had an advisory guideline range of 188 to 235 months. In calculating Robertson's guideline range the probation office applied several sentencing enhancements under United States Sentencing Guidelines § 2G2.2(b). Robertson objected that the separate enhancements imposed under U.S.S.G. § 2G2.2(b)(2) and (4) would constitute impermissible double counting.  At sentencing, the court overruled Robertson's objection and sentenced him to 235-months imprisonment.  Robertson appealed, arguing only that the district court

engaged in impermissible double counting.  The government moved to dismiss Robertson's appeal, asking us to enforce the appeal waiver.  Robertson did not respond to the government's motion.

## II.

Robertson's plea agreement forecloses this appeal.  Robertson expressly "waive[d] the right to file any direct appeal," with only exceptions that do not apply here.  Robertson's 235-month sentence does not exceed the 20-year statutory maximum for either count, see 18 U.S.C. §§ 1519, 2252A(b)(1); his appeal does not raise an ineffective assistance of counsel claim; and the government has not filed a notice of appeal.

And while Robertson claims the district court inappropriately calculated his guideline range by double counting enhancements, he does not argue the court departed from its calculated guideline range.  Cf. United States v. Grinard-Henry, 399 F.3d 1294, 1296–97 (11th Cir. 2005) (per curiam) (holding that an appeal waiver barred even "difficult or debatable legal issues," such as a claim that the guidelines were "unconstitutionally applied").  Indeed, the plea agreement expressly warned that "no one can predict with certainty what the sentencing range will be in this case until after [the] pre-sentence investigation has been concluded and the Court has ruled on the result of that investigation."  In accepting these terms, Robertson acknowledged he might disagree with the district court's

4

calculation of his guidelines range, and that if he did, he would be unable to challenge it on appeal.

Having determined Robertson's claim is barred by the appeal waiver, we must decide whether the waiver is enforceable. We review de novo the validity of an appeal waiver, United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008), and we enforce it only if the government establishes that the waiver was made knowingly and voluntarily, United States v. Bushert, 997 F.2d 1343, 1350–51 (11th Cir. 1993). The government has met its burden here by showing that "the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy." Id. at 1351.

The district court's failure to question Robertson about one of the four possible exceptions to the waiver does not alter this result, as the touchstone for assessing a court's explanation of a waiver is whether it "clearly convey[ed] to [the defendant] that he was giving up his right to appeal under most circumstances." Bushert, 997 F.2d at 1352–53. The district court's thorough questioning at the plea colloquy, in which it explained the effect of the appeal waiver and noted three of its four exceptions, accomplished as much. We therefore grant the government's motion.

**APPEAL DISMISSED.**

5