[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11953
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00309-EAK-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWRONDA OVERSTREET,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 15, 2020)

Before ED CARNES, Chief Judge, MARTIN, and ROSENBAUM Circuit Judges.

PER CURIAM:

Howronda Overstreet pleaded guilty to two counts of theft of government

property.  As part of her plea she waived her right to appeal in all but four

circumstances: the sentence "exceed[ed] the defendant's applicable guidelines range as determined by the Court," the sentence exceeded the "statutory maximum penalty," the "sentence violate[d] the Eighth Amendment," or the federal government appealed.

During Overstreet's change of plea hearing, the magistrate judge placed her under oath and questioned her to ensure that her plea was knowingly and voluntarily given. Overstreet testified to the following. She was thirty-nine and had completed some college. She was being treated for anxiety and depression but there was nothing impacting her ability to think clearly that day. She had read the plea agreement, understood it, and initialed each page (including the page with the appeal waiver). And she understood that she had waived her right to appeal in all but the four listed circumstances.

At sentencing neither party objected to the findings in the Presentence Investigation Report. Relying on the facts in the PSR, the district court calculated her guidelines range as 57 to 71 months in prison. It sentenced her to 57 months in prison and ordered her to pay a fine and restitution. Overstreet moved to have her sentence reconsidered. The court denied that motion and Overstreet appeals.

On appeal she contends that the district court erred in calculating her guidelines range by relying on facts not supported by the record and by failing to

adequately consider her cooperation.  The government moved to dismiss her appeal based on her plea waiver.

We review de novo the validity of an appeal waiver.  United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993).  An appeal waiver is enforceable if it is knowingly and voluntarily given by the defendant.  The government can establish that a waiver is knowingly and voluntarily given by showing that "the district court specifically questioned the defendant about the provision during the plea colloquy."  United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001).

Overstreet's appeal waiver was knowingly and voluntarily given.  The court specifically questioned her about the appeal waiver; she testified that she was competent to make a plea and that she understood she was giving up her right to appeal in all but the four listed circumstances.

Overstreet attempts to get around her waiver by arguing that her appeal falls into one of the listed exceptions: the sentence "exceed[ed] the defendant's applicable guidelines range as determined by the Court."  She asserts that the court misapplied the guidelines calculation, so her sentence exceeded what would have been her applicable guidelines range if the court had correctly calculated it.  But under the exception she invokes, Overstreet preserved her right to appeal only if her sentence exceeded the applicable guidelines range "as determined by the Court."  She did not preserve her right to appeal the court's guidelines calculation.

3

Overstreet does not contend that her sentence was outside the range as determined by the court.  None of the other listed exceptions apply here.  And there is no general exception to appeal waivers that allows defendants to appeal incorrect guidelines calculations.  See United States v. Grinard-Henry, 399 F.3d 1294, 1296–97 (11th Cir. 2005) (rejecting a defendant's claim that the court sentenced him based on facts not established in the record because it did not fall into one of the enumerated exceptions to his plea waiver).  Overstreet has therefore waived her right to appeal.

**DISMISSED.**