[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10360
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cr-00001-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMY BERG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 6, 2020)

Before JORDAN, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal

waiver in Appellant's plea agreement is GRANTED.  As the record reflects, Berg

knowingly and voluntarily waived her right to appeal her sentence.  The district court specifically questioned Berg about the waiver during her plea colloquy, and explained that, by entering into the plea agreement, Berg was waiving her right to appeal her sentence, except under limited circumstances.  Berg initialed the pages containing the appeal waiver, signed the appeal waiver under a statement that she fully understood the terms of her plea agreement, and stated at the change of plea hearing that she understood the terms of the plea agreement.  Berg also said that she understood she was, in fact, waiving her right to appeal her sentence.  Thus, Berg knowingly and voluntarily waived her right to appeal her sentence.  See United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (holding that a sentence appeal waiver will be enforced if it was made knowingly and voluntarily).

In addition, none of the exceptions to Berg's appeal waiver apply.  First, the district court did not impose a sentence above the established guideline range because it calculated the guideline range as 210 to 240 months' and only sentenced Berg to 210 months' imprisonment.  Moreover, Berg's 210-month sentence is below the 20-year statutory maximum.  See 21 U.S.C. § 841(b)(1)(C).  Finally, the government has not appealed Berg's sentence, and she has not attempted to attack her sentence collaterally based on ineffective assistance of counsel.  Thus, none of the exceptions to Berg's appeal waiver apply, and even though she claims to be raising meritorious issues, an appeal waiver includes a waiver of the right to appeal

2

difficult or debatable legal issues or even blatant error.  See United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005) (holding that the waiver of the right to appeal includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error).

**DISMISSED**.