[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15180
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00053-WS-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE DWAYNE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 22, 2020)

Before WILLIAM PRYOR, JILL PRYOR and MARCUS, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal

waiver in Williams's plea agreement is GRANTED.  As the record reflects,

Williams knowingly and voluntarily waived his right to appeal his sentence. During the plea colloquy, the court specifically questioned him about the waiver, and in describing it, the court told Williams that he was "waiving [his] right to appeal [his] conviction and sentence either by filing a direct appeal or a collateral appeal, with the following limited exceptions: . . . punishment in excess of the statutory maximum, any punishment constituting an upward departure of the guideline range, and any claim of ineffective assistance of counsel." Williams acknowledged that he understood the waiver's terms. Thus, the record establishes that Williams knowingly and voluntarily agreed to the sentence appeal waiver. See United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (holding that a sentence appeal waiver will be enforced if it was made knowingly and voluntarily).

Further, no exception to the appeal waiver applies. Williams's 151-month prison sentence did not exceed the applicable guideline range, and it did not exceed the statutory maximum penalty. Williams also has not raised any issues of ineffective assistance of counsel. Moreover, Williams's counsel filed an Anders brief conceding that the appeal waiver was made knowingly and voluntarily, thus barring his appeal. Finally, although Williams objected to his career-offender status during sentencing, an enforceable appeal waiver is not made unenforceable by issues disputed at sentencing and waives the right to appeal debatable legal

issues.  See United States v. Bascomb, 451 F.3d 1292, 1296 (11th Cir. 2006);

United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).

Accordingly, we grant the government's motion to dismiss Williams's

appeal pursuant to the sentence appeal waiver.

**DISMISSED**.