[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10361
Non-Argument Calendar

_____

D.C. Docket No. 3:19-cr-00001-CAR-CHW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA WOODEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 1, 2020)

Before JORDAN, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal

waiver in Appellant's plea agreement is GRANTED.  As the record reveals,

Woodey knowingly and voluntarily waived his right to appeal his sentence.  See

United States v. Bushert, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (holding that a sentence appeal waiver will be enforced if it was made knowingly and voluntarily). At the plea colloquy, when the district court was discussing the provisions of the plea agreement, the court expressly asked Woodey whether he understood he could not appeal his sentence except for very limited reasons and if he freely and voluntarily waived his right to appeal his sentence except under limited circumstances.  Woodey confirmed that he had read the plea agreement, signed it, and initialed each page and further said that he had had the full opportunity to read and discuss it with his lawyer before signing, understood the terms, and had no questions.  The record also indicates that Woodey was competent to understand the provision -- Woodey stated under oath that he had received the equivalent of a high school education and could read and write.  Moreover, Woodey does not contest in his response to the government's motion to dismiss that the waiver is valid and enforceable.  Thus, under our binding precedent, the record reflects that Woodey understood the full significance of the waiver. See Bushert, 997 F.2d at 1350–51; United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001).

In addition, the issues in Woodey's appeal do not fall within the scope of any exception memorialized in the agreement.  The government has not appealed, and his 235-month sentence was within the guideline range determined by the district court of 235 to 240 months' imprisonment and below the statutory

2

maximum sentence of 240 months' imprisonment.  Further, Woodey does not argue that his sentence exceeded the guideline range as determined by the district court or the statutory maximum, nor that it violated any of the constitutional rights we've acknowledged may bar the enforcement of an appeal waiver.  Finally, while Woodey argues on appeal that we should not enforce the waiver because the district court committed clear error when calculating the drug weight attributable to him, resulting in an "exponentially higher guideline range," an appeal waiver includes "the waiver of the right to appeal difficult or debatable legal issues or even blatant error."  United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).

Accordingly, we grant the government's motion to dismiss Woodey's appeal because it is barred by the appeal waiver.

**DISMISSED**.