[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10265
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cr-00480-LCB-HNJ-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN VASEAN HOWLET,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 21, 2021)

Before MARTIN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Adrian Vasean Howlet appeals his 60-month sentence imposed after he
pleaded guilty, pursuant to a written plea agreement, to one count of possessing
with intent to distribute five grams or more of methamphetamine and was

sentenced to 60 months' imprisonment.  He challenges the district court's

sentencing determination that he did not qualify for safety-valve relief under 18

U.S.C. § 3553(f).  The government moves to dismiss the appeal based on the

sentence-appeal waiver in the plea agreement.[1]

Our review of the record confirms that the district court specifically

questioned Howlet[2] about the sentence-appeal waiver during the plea colloquy, and

---

[1] Specifically, the sentence-appeal waiver provided as follows:

In consideration of the recommended disposition of this case, I, ADRIAN VASEAN HOWLET, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:
      (a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);
      (b) Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed; and
      (c) Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction.  The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

Howlet signed the waiver directly underneath a paragraph that provided that, by signing the waiver, he was "signify[ing] that [he] fully understand the foregoing paragraphs and that [he] knowingly and voluntarily enter[ed] into this waiver."

[2] During the plea colloquy, Howlet confirmed that: he was a high school graduate and he had attended "a half year of college;" he could read, write, and speak English; he was not taking any medications or substances that might affect his ability to understand the proceedings; and

2

Howlet stated that he understood the terms of the waiver. Accordingly, the sentence-appeal waiver was knowingly and voluntarily made and is enforceable. *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (explaining that we enforce appeal waivers that are made knowingly and voluntarily and to demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver); *see also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").

Because Howlet's claim concerning safety-valve relief does not fall within any of the exceptions to his valid sentence-appeal waiver, the waiver forecloses this appeal. *See United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (holding that a valid appeal waiver waives the right to appeal "difficult or debatable legal issues or even blatant error."). Consequently, we GRANT the government's motion to dismiss.

---

that he was not suffering from any mental, physical, or emotional impairment that would impair his ability to understand the proceedings.

3

**APPEAL DISMISSED.**