[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12220

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PARVATHI SIVANADIYAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:14-cr-00391-TCB-1

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

In 2014, Parvathi Sivanadiyan pleaded guilty, pursuant to a written plea agreement, to failing to obey an IRS summons. The plea agreement contained a binding sentencing agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which provided that the Government and Sivanadiyan agreed that she would "receive a sentence of time served to be followed by up to a one year term of supervised release or probation," and that she would "be ordered to pay a fine in the amount of $5,000." Additionally, the plea agreement contained a limited sentence appeal waiver, which provided that Sivanadiyan waived her right to appeal her conviction and sentence on any ground (including through a collateral attack), except that she could appeal if she received, in relevant part, "any sentence other than time served to be followed by up to a one year term of supervised release or probation, to be determined in the [c]ourt's discretion, along with a $5,000 fine."

Sivanadiyan was sentenced in accordance with the terms of the plea agreement to time served and one year of supervised release, along with a fine of $5,000. Sivanadiyan paid the fine in full in November 2014, and completed her sentence.

Over six years later, in March 2021, Sivanadiyan, through her husband, filed a motion seeking to "correct misstatements"

21-12220                Opinion of the Court                3

and requesting a refund of "'excess fines' charged in violation of law." She asserted that she was entitled to a refund of $4,000 of the $5,000 fine she paid because it was in excess of the maximum $1,000 fine for failing to obey an IRS summons.

The district court denied Sivanadiyan's motion. It found that it did not have jurisdiction because Sivanadiyan's conviction was final, and the court was not authorized by statute to modify her sentence.[1]

Sivanadiyan now appeals the denial of that motion, and the government seeks to dismiss her appeal based on her sentence-appeal waiver. In response, Sivanadiyan argues that she is not challenging her conviction or sentence, and is seeking to only correct a misstatement of law, which her plea agreement authorized her to do.

Sivanadiyan's argument is misplaced. The $5,000 fine was imposed as part of her sentence. Therefore, any challenge to the legality of the fine is barred by the sentence-appeal waiver provided that the waiver is valid and enforceable. Our review of the record confirms that the district court specifically questioned Sivanadiyan about the sentence-appeal waiver during the plea colloquy, and she stated that she understood the terms of the

---

[1] The district court noted that, if it had jurisdiction, her claim would fail on the merits because 18 U.S.C. § 3571(b)(5) authorizes a fine of up to $100,000 for a Class A misdemeanor, like Sivanadiyan's crime, and overrides the fine provision in 26 U.S.C. § 7210, which provides that a person who fails to obey a summons "shall . . . be fined not more than $1,000 . . . ."

waiver.   Further, she does not dispute the validity of the waiver on appeal or that she understood it.   Rather, she argues that the waiver does not apply, but that contention is incorrect because the fine was part of her sentence.   Accordingly, the sentence-appeal waiver was knowingly and voluntarily made and is enforceable.   *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (explaining that we enforce appeal waivers that are made knowingly and voluntarily and to demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver); *see also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").

Because Sivanadiyan's claim concerning the already-paid fine does not fall within any of the exceptions to her valid sentence-appeal waiver, the waiver forecloses this appeal.   *See United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (holding that a valid appeal waiver waives the right to appeal "difficult or debatable legal issues or even blatant error"). Consequently, we GRANT the government's motion to dismiss.