[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10932

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DARIUS SOWAH OKANG,
a.k.a. Michael J. Casey,
a.k.a. Richard Resser,
a.k.a. Thomas Vaden,
a.k.a. Michael Lawson,
a.k.a. Matthew Reddington,
a.k.a. Michael Little,

2                    Opinion of the Court                    22-10932

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cr-00114-WMR-CCB-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Darius Sowah Okang appeals his 94-month sentence for one count of money laundering conspiracy and one count of aggravated identity theft. On appeal, he argues that his total sentence is substantively unreasonable because it did not take into account his minimal role in the offense conduct and his lack of a criminal record. The government, in turn, moves to dismiss his appeal pursuant to a sentence appeal waiver.

The record shows that, during the plea hearing, the district court explained to Okang that he could appeal only under the following three exceptions: (1) if he received an above-guidelines sentence; (2) if the government appealed; or (3) if he believed that his counsel had provided constitutionally ineffective assistance. The district court asked Okang if he understood that, other than those exceptions, he was giving up his right to appeal. Okang confirmed that he understood the waiver. Okang's attorney also confirmed

that he had discussed the appeal waiver with Okang and that Okang was making an informed and voluntary decision to plead guilty and sign the plea agreement.

Okang pled guilty and testified that he was doing so freely and voluntarily. The district court found that he was fully competent, understood the consequences of his plea, and was pleading guilty knowingly and voluntarily. The district court then accepted the plea.

Because Okang knowingly and voluntarily entered his appeal waiver after confirming that he had read and understood the plea agreement, and his arguments on appeal do not fall into one of the three listed exceptions contained in the plea agreement, the Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is **GRANTED**, and the appeal is **DISMISSED**. *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (a sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) ("[An] appeal waiver cannot be vitiated or altered by comments the court makes during sentencing."); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (the waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error).