[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11795

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEREK LAJUAN WINSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cr-00024-TFM-MU-1

_____

Before NEWSOM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is **GRANTED**. A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

During the plea colloquy, the district court specifically questioned Winston about the appeal waiver. The district court explained that, by entering the plea agreement, Winston waived his right to appeal his sentence unless one of the limited exceptions listed in his plea agreement applied, and Winston confirmed that he understood the terms of the waiver and the rights he was giving up. He added that he reviewed the plea agreement with his attorney before he signed it, and he understood its terms. Winston also signed the agreement, again confirming that he understood the

agreement and voluntarily agreed to it. On this record, the waiver was made knowingly and voluntarily and is a valid appeal waiver. *See id.*

As a result, Winston may only appeal his sentence if one of the exceptions in the appeal waiver applies. In his appeal brief, Winston argues that the district court abused its discretion by not sentencing him to concurrent sentences. Notably, however, he is not arguing that the district court imposed a sentence that exceeded the applicable advisory guideline range or a sentence that exceeded the statutory maximum penalty. Indeed, his 21-month sentence was within the guideline range of 15 to 21 months' imprisonment and below the statutory maximum of 10 years' imprisonment. Thus, his claim does not fall within one of the exceptions in the appeal waiver.

Accordingly, we **GRANT** the government's motion to dismiss Winston's appeal pursuant to the sentence appeal waiver.[1]

---

[1] In addition, the Government's motion to stay the briefing schedule is **DENIED AS MOOT**.