[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12695

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER ANTHONY GARTH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cr-80016-AMC-1

_____

Before BRANCH, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Christopher Anthony Garth appeals his 210-month total sentence for possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime.  On appeal, Garth argues that his 210-month total sentence is substantively unreasonable, because, as the government recommended, a sentence of no more than the 180-month mandatory minimum was warranted under the 18 U.S.C. § 3553(a) factors. The government, in turn, moves to dismiss his appeal pursuant to a sentence appeal waiver.  Because Garth's appeal is barred by the enforceable waiver in his plea agreement, we grant the government's motion.

The record shows that the district court explained to Garth that he was waiving his right to appeal and that it read the provision in his plea agreement, including the exceptions under which he could appeal.  *See Boyd*, 975 F.3d at 1192; *Bushert*, 997 F.2d at 1351. Garth also explicitly confirmed that he understood the appellate rights that he was giving up in the waiver.  *See Gonzalez-Mercado*, 808 F.2d at 800 n.8.  Garth confirmed that no one threatened him or coerced him into waiving his rights to appeal, that he fully understood the significance of the appeal waiver, and that he signed the appeal waiver knowingly and voluntarily.   The district court made a specific finding on the record, that having specifically questioned Mr. Garth, that he fully understood the appellate waiver

provision which he signed and which he knowingly and voluntarily entered into waiving his right to appeal as described in the plea agreement at paragraph 12. The district court also ensured that Garth had read the plea agreement and understood it. Because it was clearly conveyed to Garth that he was giving up his right to appeal under most circumstances, he waived his appellate rights freely and voluntarily by entering his plea. *Boyd*, 975 F.3d at 1192; *Bushert*, 997 F.2d at 1351.

Additionally, none of the exceptions in the appeal waiver apply here. The government did not file a cross appeal. And Garth's sentence does not fall within the exceptions in the waiver for an upward departure or variance from the guideline range as calculated by the district court at sentencing, or for a sentence in excess of the statutory maximum. Specifically, his total of imprisonment sentence of 210 months, with 150 months' imprisonment, as to Count 2, and 60 months' imprisonment, as to Count 3, to run consecutively, was within his guideline range of 188 months to 235 months' imprisonment and below his statutory maximum sentence of life. *See* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A).

Because Garth's appeal is barred by the enforceable waiver in his plea agreement, the Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is GRANTED. *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (sentence appeal waiver will be enforced

4                    Opinion of the Court                    24-12695

where "it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances" (quotation marks omitted, alterations adopted, emphasis in original)); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error).

     APPEAL DISMISSED.