**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10796
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JORGE SALERMO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cr-20457-CMA-1
_____

Before JORDAN, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jorge Salermo appeals his 15-month sentence for conspiracy to commit bank fraud. He argues that his sentence was substantively unreasonable because the district court

placed too much weight on his codefendants' sentences and the need for deterrence, rehabilitation, and punishment, and failed to give adequate weight to Salermo's history and characteristics. The government has requested that we dismiss Salermo's appeal pursuant to the sentence appeal waiver in his plea agreement or, alternatively, affirm because Salermo's sentence was substantively reasonable.

We review the validity of a sentence appeal waiver de novo. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (per curiam) (waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error).

Here, we dismiss Salermo's appeal based on his enforceable appeal waiver signed as part of the plea agreement. The district court expressly reviewed the appeal waiver and its exceptions with Salermo, who confirmed under oath that he understood. Thus, Salermo knowingly and voluntarily waived his right to appeal.

**DISMISSED.**