**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 23-13963

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MICHAEL JEAN POIX,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00148-PGB-LHP-7

————————————————

————————————————

No. 23-14005

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

2                    Opinion of the Court                    23-13963

*versus*

MICHAEL JEAN POIX,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00148-PGB-LHP-7

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

The Government's motions to dismiss these consolidated appeals pursuant to the sentence-appeal waiver in Appellant's plea agreement are GRANTED. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (providing that a sentence-appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) (stating that a sentence-appeal waiver "cannot be vitiated or altered by comments the court makes during sentencing"); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (concluding that the waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error).