[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13147
Non-Argument Calendar

_____

D.C. Docket Nos. 6:18-cr-00225-RBD-DCI-1,
6:19-cr-00017-RBD-EJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ALBERTO FLORES-JIMENEZ,
a.k.a. Juan Cantu,

Defendant-Appellant.

_____

No. 19-13148
Non-Argument Calendar

_____

D.C. Docket Nos.  6:19-cr-00017-RBD-EJK-1,
6:18-cr-00225-RBD-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ALBERTO FLORES-JIMENEZ,
a.k.a. Juan Cantu,
a.k.a. Stoner,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(April 20, 2021)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal relates to two separate criminal cases that were consolidated for sentencing purposes. Juan Alberto Flores-Jimenez appeals his 205-month sentence for his conviction of one count of conspiracy to possess methamphetamine with intent to distribute (the "methamphetamine case"), imposed concurrently with his 60-month sentence for illegal reentry into the United States (the "reentry case").

There was an appeal waiver in the methamphetamine case, as part of the plea agreement, but there was no such waiver in the reentry case. The government filed a motion to dismiss the appeal in the methamphetamine case based on the waiver. In response, Mr. Flores-Jimenez argued that the consolidation of the two cases for sentencing nullified the appeal waiver. We carried the government's motion with

2

the case and we now grant it, for reasons discussed below. We also affirm Mr.

Flores-Jimenez's sentence in the illegal reentry case because he has not raised any

arguments on appeal regarding his sentence for that offense.

## I

In October of 2018, a grand jury indicted Mr. Flores-Jimenez on charges of

illegal reentry by a deported alien who was previously convicted of a felony, in

violation of 8 U.S.C. § 1326(a) and (b)(1). He entered a guilty plea without a plea

agreement, which the district court accepted.

The methamphetamine case stems from a criminal information filed in

January of 2019, in which the government alleged that Mr. Flores-Jimenez conspired

to possess at least 50 grams of methamphetamine with intent to distribute, in

violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Mr. Flores-Jimenez waived his

right to indictment and entered into a plea agreement in that case. The agreement

included an appeal waiver with the following language:

> The defendant . . . expressly waives the right to appeal [his] sentence
> on any ground, including the ground that the Court erred in determining
> the applicable guidelines range . . . except (a) the ground that the
> sentence exceeds the defendant's applicable guidelines range . . . (b)
> the ground that the sentence exceeds the statutory maximum penalty;
> or (c) the ground that the sentence violates the Eighth Amendment to
> the Constitution; provided, however that if the government exercises its
> right to appeal the sentence imposed, as authorized by 18 U.S.C. §
> 3742(b), then the defendant is released from his waiver and may appeal
> the sentence as authorized by 18 U.S.C. § 3742(a).

3

The government's lengthy factual basis indicated that Mr. Flores-Jimenez was a leader of a drug distribution ring and was deported or removed from the United States in 2014 and 2015. He would obtain methamphetamine from Georgia, and runners from either his organization or from others would distribute the drugs in Florida. Between April of 2017 and September of 2018, he was responsible for the distribution of more than 4.5 kilograms of methamphetamine in the Middle District of Florida.

Like the plea agreement, the factual basis in the methamphetamine case did not reference the reentry case. Mr. Flores-Jimenez agreed that the facts were true and that the United States could prove them beyond a reasonable doubt. He pleaded guilty, and the district court accepted his plea.

The district court consolidated the illegal reentry case and the methamphetamine case for purposes of sentencing. The presentence investigation report ("PSI") described his conduct in leading a drug trafficking organization that transported and distributed methamphetamine in Florida. The PSI reported that, pursuant to U.S.S.G. § 3D1.2, the drug and reentry convictions were not grouped together because they did not involve the same harm. For the reentry offense, the PSI applied a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a), with an eight-level increase, pursuant to U.S.S.G. § 2L1.2(b)(2), because Mr. Flores-Jimenez had previously been convicted of a felony. For the methamphetamine

4

offense, the PSI applied a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(1), because the offense involved 4.9 kilograms of methamphetamine. The PSI applied a four-level increase, pursuant to U.S.S.G. § 3B1.1(a), because Mr. Flores-Jimenez was an organizer or leader in an offense that either involved at least five participants or was otherwise extensive.

This resulted in a combined adjusted offense level of 42. The PSI then applied a three-level reduction, under U.S.S.G. § 3E1.1(a) and (b), for acceptance of responsibility, so the offense level was 39. Mr. Flores-Jimenez's criminal history score was six, resulting in a criminal history category of III.

Mr. Flores-Jimenez objected to the four-level leader/organizer adjustment under § 3B1.1(a), contending that he only had a buyer-seller relationship with his associates and that he did not exercise decision-making authority over any named person in the conspiracy. He argued that he should have received only a two-level increase, under § 3B1.1(c), which provides for a leader/organizer enhancement without requiring a certain number of participants or a finding that the criminal history was extensive. Ahead of sentencing, the government moved for a three-level reduction based on Mr. Flores-Jimenez's substantial assistance.

The district court overruled Mr. Flores-Jimenez's § 3B1.1(a) objection, concluding that Mr. Flores-Jimenez qualified for the four-level enhancement because of the number of participants and the fact that the undertaking was

extensive. The district court granted the government's substantial assistance motion and applied a three-level reduction, resulting in an offense level of 36. The new advisory guideline range was 235 to 293 months, with a term of supervised release of between two and five years.

The district court imposed a term of 205 months' imprisonment on the methamphetamine conviction and 60 months' imprisonment on the reentry conviction, to be served concurrently. The district court also imposed a five-year term of supervised release on the methamphetamine charge. Mr. Flores-Jimenez did not object to his sentence.

Following entry of judgment, Mr. Flores-Jimenez filed a notice of appeal in both cases. After he submitted his initial brief on appeal, the government moved for dismissal of the appeal in the methamphetamine case based on the appeal waiver, and moved for summary affirmance in the reentry case. A three-judge panel of this court denied the motion for summary affirmance and ordered that the motion for dismissal be carried with the case.

Mr. Flores-Jimenez contends that his appeal waiver in the methamphetamine case does not bar his appeal because he did not enter a corresponding waiver in the reentry case. The consolidation of the two appeals, he argues, makes the issues inextricably intwined and thus nullifies the waiver. He says it would violate his due process rights to try to discern precisely which appellate rights he forfeited and

6

which he kept.  As to the merits of his appeal, Mr. Flores-Jimenez argues that his methamphetamine sentence was procedurally unreasonable because the district court imposed the four-level enhancement under U.S.S.G. § 3B1.1(a) after finding that he was an organizer or leader in an offense that either involved at least five participants or was otherwise extensive.

In response, the government argues that the plea colloquy in the methamphetamine case made clear that Mr. Flores-Jimenez generally waived his right to appeal in that case.  The government further asserts that the waiver bars this appeal because Mr. Flores-Jimenez is challenging a sentence enhancement applicable only to the methamphetamine case and not to the reentry case.  Mr. Flores-Jimenez did not file a reply brief.

## II

We review the validity of a sentence appeal waiver *de novo*.  *See United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence appeal waiver will be enforced if it was made knowingly and voluntarily.  *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  If it was, it "includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."  *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).  Mr. Flores-Jimenez does not argue that there was any defect in his appeal waiver in the methamphetamine case; he has thus abandoned that issue on appeal.  *See United States v. Jernigan*, 341 F.3d

1273, 1283 n.8 (11th Cir. 2003) (claims on appeal must be plainly and prominently raised).

"Plea bargains . . . are like contracts and should be interpreted in accord with what the parties intended." *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). Any ambiguities in the agreement should be resolved in favor of the defendant, *see United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990), and "[a] valid and enforceable appeal waiver . . . only precludes challenges that fall within its scope." *United States v. Hardman*, 778 F.3d 896, 899 (11th Cir. 2014).

As an initial matter, and because we resolve any ambiguities in Mr. Flores-Jimenez's favor, the appeal waiver in the methamphetamine case did not waive his right to appeal in the reentry case. Mr. Flores-Jimenez has not, however, provided any support for his argument that consolidation of the two cases "nullified" his otherwise-valid appeal waiver in the methamphetamine case. Indeed, his brief makes clear that the merits of his appeal focus solely on the methamphetamine case, where he did waive his right to appeal. Nothing in the factual basis for the guilty plea in the reentry case indicates the existence of a criminal scheme to distribute methamphetamine. And during Mr. Flores-Jimenez's sentencing hearing, the parties' arguments concerning the § 3B1.1(a) enhancement focused solely on the methamphetamine case.

8

Accordingly, we conclude that Mr. Flores-Jimenez has not shown that the challenged enhancement in the methamphetamine case is inextricably intertwined with the reentry case. His sole argument on appeal concerns a sentencing calculation that only affected his offense level for the methamphetamine case. We therefore grant the government's motion to dismiss the appeal in the methamphetamine case.

The leader/organizer enhancement under § 3B1.1(a) was applied only in the context of calculating the guidelines range specific to the methamphetamine case. The PSI, the sentencing transcript, and the remainder of the record reflect that the leader/organizer enhancement had no bearing on Mr. Flores-Jimenez's sentence in the reentry case. Mr. Flores-Jimenez raises no issues on appeal concerning his reentry case, so we affirm his sentence in that case.

### III

We dismiss Mr. Flores-Jimenez's appeal in the methamphetamine case and affirm the district court's sentence in the illegal reentry case.

**DISMISSED IN NO. 19-13148, AFFIRMED IN NO. 19-131470.**

9