In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14259

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL AGOSTO-MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cr-00025-CEM-DCI-1

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is GRANTED. *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) (appeal waiver "cannot be vitiated or altered by comments the court makes during sentencing"); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error).

20-14259                JORDAN, J., Dissenting                1

JORDAN, Circuit Judge, dissenting.

I would deny the government's motion to dismiss this appeal pursuant to the appeal waiver in Mr. Agosto-Martinez's plea agreement. With respect, I therefore dissent.

An appeal waiver is enforceable only if the defendant made it knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To show that an appeal waiver is knowing and voluntary, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351.

With regard to the appeal waiver, the district court at Mr. Agosto-Martinez's change of plea hearing stated only that "you've expressly waived your right to appeal your sentence in accordance with the limitations set forth in the plea agreement." Plea Hearing Transcript at 8–9. That superficial questioning is insufficient to meet the first *Bushert* prong. *See United States v. James*, 744 F. App'x 664, 665 n.1 (11th Cir. 2018) (refusing to enforce an appeal waiver because the district court identified only some of the exceptions to the waiver, and did not ask the defendant if he understood the waiver nor whether he understood it at the time he entered into it); *United States v. Quintanilla*, 658 F. App'x 496, 497 (11th Cir. 2016) (refusing to enforce an appeal waiver because,

though the magistrate judge read out the terms of the waiver at the change of plea hearing, "she did not specifically question [the defendant] about the waiver or confirm that he understood what those terms meant"); *United States v. Grant*, 689 F. App'x 935, 942 (11th Cir. 2017) (concluding that the district court did not sufficiently question the defendant on his appeal waiver because, though it confirmed that he understood the waiver, the court's "explanation was brief and vague, asking only whether [the defendant] had understood by signing the waiver he had given up his right to appeal except in the limited number of circumstances explicitly set forth in the plea agreement"). *See also United States v. Smith*, 618 F.3d 657, 665 (7th Cir. 2010) (refusing to enforce an appeal waiver because the district court did not provide any explanation to the defendant of the substance of the waiver during the plea hearing).

In my view, it is not manifestly clear from the record that Mr. Agosto-Martinez understood the full significance of his waiver for purposes of the second *Bushert* prong. The government relies on the district court's brief statement and the text of the plea agreement. *See* Govt.'s Mot. at 4–5. But the court's questioning was insufficient, and we have "reject[ed] the view . . . that an examination of the text of the plea agreement is sufficient to find the waiver knowing and voluntary." *Bushert*, 997 F.2d at 1352.