[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13763

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID LEVON MASSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cr-00129-SPC-MRM-1

_____

Before JORDAN, NEWSOM, and MARCUS, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is GRANTED. As the record reveals, Massey knowingly and voluntarily waived his right to appeal his sentence. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error). During the change-of-plea hearing, the magistrate judge explained the appeal waiver to Massey, including all the exceptions.[1] Massey confirmed that he had conferred with counsel, he understood that he was waiving his right to appeal his sentence, and he was doing so freely and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (appeal waiver will be enforced where the waiver provision

---

[1] The appeal waiver found in Massey's plea agreement provided that he "expressly waive[d] the right to appeal [his] sentence on any ground, including the ground that the [c]ourt erred in determining the applicable guidelines range." The waiver provided certain exceptions, allowing Massey to appeal if: (1) the sentence exceeded his "applicable guidelines range as determined by the [c]ourt"; (2) the sentence exceeded the statutory maximum; or (3) the sentence violated the Eighth Amendment. It further provided that, if the government appealed the sentence, Massey was released from the waiver.

was discussed during the plea colloquy and defendant agreed that she understood the provision and entered into it freely and voluntarily); *Grinard-Henry*, 399 F.3d at 1296 (appeal waiver will be enforced where magistrate judge specifically questioned defendant about the appeal waiver during the plea colloquy, explained its significance, and confirmed that defendant understood). Further, Massey signed the agreement, which contained the appeal waiver, further confirming that he had either read it, or had it read to him, and fully understood its terms.  On this record, Massey agreed to the sentence appeal waiver knowingly and voluntarily, and as a result, it is enforceable unless an exception applies. *See Bushert*, 997 F.2d at 1350–51.

The exceptions to Massey's appeal waiver do not apply.  For starters, Massey's 222-month sentence does not exceed his statutory maximum of 40 years' imprisonment and is within the guideline range as calculated by the district court.  As for the arguments he now raises -- concerning his objection to the career-offender enhancement and whether the district court imposed a procedurally and substantively reasonable sentence -- they do not present the kind of extreme circumstances we've contemplated that are not waivable. *See United States v. Johnson*, 541 F.3d 1064, 1068 (11th Cir. 2008) (suggesting that a defendant may not waive his right to appellate review of a sentence imposed in "extreme circumstances," in excess of the statutory maximum, or based on an impermissible factor, such as race) (quotations omitted).  Nor does

4                  Opinion of the Court                  21-13763

Massey claim that his sentence violates the Eighth Amendment, and the government has not appealed.

Accordingly, we grant the government's motion to dismiss Massey's appeal because it is barred by the appeal waiver.

DISMISSED.