[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10275

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JACOB MONTGOMERY GIBSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00293-MLB-1

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Jacob Gibson appeals his 168-month sentence for distribution of a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), arguing that this sentence was substantively unreasonable because the district court failed to consider mitigating evidence and erroneously enhanced his sentence based on a pattern of activity involving the sexual abuse or exploitation of a minor. The government, in turn, moves to dismiss his appeal pursuant to a sentence appeal waiver.

The record shows that, during the plea hearing, the district court explained to Gibson that he could appeal only under the following three exceptions: (1) if he received an above-guidelines sentence; (2) if the government appealed; or (3) if he believed that his counsel had provided constitutionally ineffective assistance. The district court asked Gibson if he understood that, "other than those situations, [he was] giving up [his] right to appeal." Gibson confirmed that he understood the waiver. Gibson's attorney also confirmed that he had discussed the appeal waiver with Gibson and believed that it was in his best interest. Gibson pled guilty and testified that he was doing so freely and voluntarily. The district court found that he was fully competent, understood the consequences of his plea, and was pleading guilty knowingly and voluntarily. The district court then accepted the plea.

Because Gibson knowingly and voluntarily entered his appeal waiver after confirming that he had read and understood the plea agreement, and his arguments on appeal do not fall into one of the three listed exceptions contained in the plea agreement, the Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is **GRANTED**, and the appeal is **DISMISSED**. *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (explaining that a sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) ("[An] appeal waiver cannot be vitiated or altered by comments the court makes during sentencing."); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (explaining that the waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error).