[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12450

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN VERA,
a.k.a. Kevin Vera,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00349-KKM-CPT-3

———————————

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Kelvin Vera appeals his 135-month sentence for conspiring to possess cocaine with intent to distribute it while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a), 70506(a),(b). In response, the Government moves to dismiss this appeal based on Vera's appeal waiver. We agree with the government and therefore dismiss.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish the waiver was knowing and voluntarily, the government must show either that: (1) the court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351.

"An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant errors." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). Still, we have recognized some narrow exceptions that permit us to review an appeal despite an appeal waiver, such as for a sentence based on a constitutionally impermissible factor or in excess of the statutory maximum penalty. *Bushert*, 997 F.2d at 1350 n. 18.

Here, Vera pleaded guilty to conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States. As part of the plea agreement, Vera waived the right to appeal his sentence "on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines." The plea agreement reserved Vera's right to appeal based on "(a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution." A magistrate judge inquired, and Vera confirmed, that he understood he was otherwise relinquishing the right to appeal his sentence.

On appeal, Vera claims his 135-month sentence—a sentence below the guidelines range—is substantively unreasonable. His appeal is not based upon any permitted grounds reserved under the plea agreement, nor does not fit within one of our narrow exceptions permitting us to look past an appeal waiver. *See id.* Vera's appeal waiver was knowing and voluntary based on his confirmation that he understood its terms before the magistrate judge. *Id.* at 1351.

Therefore, the appeal is **DISMISSED.**