[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12725

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PRENTICE DELAWRENCE TANNIEHILL,
a.k.a. P,
a.k.a. Pete,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cr-00149-AMM-JHE-1

_____

Before JILL PRYOR, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Prentice Delawrence Tanniehill appeals his 180-month sentence for his convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride, 21 U.S.C. §§ 841(a)(1) and 846, distribution of cocaine hydrochloride, 21 U.S.C. § 841(a)(1), and use of a communication facility to commit a drug trafficking crime, 21 U.S.C. § 843(b). On appeal, Tanniehill argues that the district court erred at sentencing in calculating his advisory guidelines range. The government moves to dismiss Tanniehill's appeal, arguing that he knowingly and voluntarily waived his right to appeal.

We review the validity and scope of an appeal-waiver *de novo*. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id*. at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances'" (alterations

adopted) (quoting *Bushert*, 997 F.2d at 1352-53)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

After careful review of the record, we conclude that Tanniehill knowingly and voluntarily waived his right to appeal his sentence and his challenges on appeal fall within the scope of that waiver. Accordingly, we **GRANT** the government's motion to dismiss. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351.