[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10017

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JACQUEZ JARRONE CONLEY,

Defendant- Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cr-00343-MHH-JHE-1

_____

_____

No. 24-10018

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JACQUEZ JARRONE CONLEY,

Defendant- Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cr-00343-MHH-JHE-1

_____

Before JORDAN, NEWSOM, AND GRANT, Circuit Judges.

PER CURIAM:

Jacquez Jarrone Conley appeals his sentence of 235 months' imprisonment following his conviction for one count of posses-

sion of child pornography involving a minor who is not yet 12 years old.  For the reasons stated below, we dismiss the appeal.

Mr. Conley entered into a plea agreement with the government in which he agreed to waive his right to appeal his sentence in most circumstances.  Mr. Conley reserved the right to appeal (1) any sentence in excess of the applicable statutory maximum sentence; (2) any sentence in excess of the Sentencing Guidelines range; and (3) a claim of ineffective assistance of counsel.

In calculating Mr. Conley's sentence, the probation office applied a number of enhancements pursuant to U.S.S.G. § 2G2.2(b).  Prior to and during his sentencing hearing, Mr. Conley objected to the enhancements.  The district court found that there was sufficient evidence to maintain a five-level enhancement pursuant to § 2G2.2(b)(5), established the Sentencing Guidelines range of 235-240 months, and imposed a 235-month sentence.

At the sentencing hearing, the district court orally pronounced that Mr. Conley would "have to comply with the standard conditions of supervised release of record in [the] court" as well as a number "special conditions" that it enumerated.  But the court did not orally enumerate Condition 14, which Mr. Conley now challenges.  Instead, it stated: "[T]here are several specific conditions that our court imposes for sex offenses. The Court will impose those conditions, and they will all be in the judgment and will be available for your review with your probation officer when you're released from prison."

On appeal, Mr. Conley argues (1) that his sentence focused on his treatment needs in violation of *Tapia v. United States*, 564 U.S. 319 (2011); (2) that the government failed to meet its burden of proving a "pattern of activity" under § 2G2.2(b)(5), and therefore the district court erred in rejecting his objection to the five-level enhancement; and (3) that the district court failed to pronounce one of the discretionary conditions for his supervised release—Condition 14—in violation of his due process rights.

A defendant who has waived his right to appeal his sentence is generally barred from appealing contested issues underlying his sentence, "such as the court's calculation of the Guideline range or any rulings at sentencing." *United States v. Boyd*, 975 F.3d 1185, 1191 (11th Cir. 2020). Challenges related to supervised release conditions are also generally barred by a valid appeal waiver. *See United States v. Cordero*, 7 F.4th 1058, 1067 n.10 (11th Cir. 2021). We recently held, for example, that a claim that the district court violated due process by not orally announcing or describing a condition of supervised release is covered by an appeal waiver. *See United States v. Read*, 118 F.4th 1317, 1321–22 (11th Cir. 2024).

If valid, "[a]n appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). And a defendant is "free to bargain away his right to raise constitutional issues[.]" *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006).

As a threshold matter we must determine whether Mr. Conley's appeal waiver was valid.

We review the validity of a sentence appeal waiver *de novo*. *See King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1771 (2023). A waiver will be enforced if it was made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *See id.* The "touchstone" for this determination "is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances." *Boyd*, 975 F.3d at 1192 (internal quotation marks, alterations, and emphasis omitted) (quoting *Bushert*, 997 F.2d at 1352–53).

The record demonstrates that Mr. Conley's sentence appeal waiver was knowing and voluntary. During the change of plea hearing, the district court reviewed the advice of rights certification with Mr. Conley, then verified that he had initialed each page of the plea agreement and had signed the agreement. The court stated that it would rely on the facts of the agreement when determining his sentence, and Mr. Conley affirmed that he understood this. The court then reviewed the appeal waiver provisions of the agreement with Mr. Conley and explained that the waiver of appeal would bar him from challenging "most everything hav-

ing to do with sentencing." The court also noted the three exceptions to the appeal waiver. Mr. Conley acknowledged that he understood and that he was voluntarily giving up his right to appeal his sentence as set forth in the plea agreement. The court then verified that he understood the discussion and that he wanted to change his plea to guilty. The court found that Mr. Conley was acting voluntarily and adjudged him guilty.

We conclude that Mr. Conley's appeal waiver was knowing and voluntary because the district court expressly questioned him about the appeal waiver and the record supports a finding that he understood the appeal waiver. *See Bushert*, 997 F.2d at 1351. Mr. Conley's three challenges—to the sentencing procedure, the sentencing enhancements, and the supervised release condition—are encompassed by the terms of his appeal waiver. Those challenges do not fall within any of the listed exceptions, as the sentence imposed did not exceed the applicable statutory maximum or the Sentencing Guidelines range; nor does Mr. Conley claim ineffective assistance of counsel. We therefore dismiss the appeal.

**APPEAL DISMISSED.**