[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11744

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEREMY KINSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00214-CG-MU-1

_____

Before LAGOA, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Jeremy Kinsey appeals his 360-months' total sentence, to be followed by 15 years of supervised release, imposed following his guilty plea conviction for four counts of producing child pornography, 18 U.S.C. § 2251(a), and one count of possessing child pornography, 18 U.S.C. § 2252A(a)(5)(B).  On appeal, Kinsey argues that the district court abused its discretion and imposed an unreasonable sentence under 18 U.S.C. § 3553(a).  He also contends that his sentence violates the Eighth Amendment.  The government moves to dismiss the appeal, arguing that Kinsey knowingly and voluntarily waived his right to appeal.

We review the validity and scope of an appeal waiver *de novo*.  *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1771 (2023).  Sentence appeal waivers are enforceable if they are made knowingly and voluntarily.  *Id.* at 1367.  To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the defendant that he was giving up his right to appeal under *most*

circumstances'" (alterations adopted) (emphasis in original) (quoting *Bushert*, 997 F.2d at 1352-53)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). In entering into a plea agreement, a defendant is "free to bargain away his right to raise constitutional issues as well as non-constitutional ones," so long as that waiver is knowing and voluntary. *Bascomb*, 451 F.3d at 1297.

Here, Kinsey agreed to plead guilty to six of the thirteen charges for which he was indicted and, in exchange, the government agreed to not bring additional charges based on the same facts and to dismiss the other seven charges. The parties' plea agreement contained, under a section titled "**LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK,**" an appeal waiver provision stating:

> As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, [Kinsey] knowingly and voluntarily waives the right to file any direct appeal or collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, [Kinsey] will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

4                    Opinion of the Court                    24-11744

Immediately below this section, under a section titled "**EXCEPTIONS**," the agreement provided that Kinsey "reserve[d] the right":

> [T]o timely file a direct appeal challenging: (1) any sentence imposed in excess of the statutory maximum; (2) any sentence which constitutes an upward departure or variance from the advisory guideline range. . . . [and, (3)] . . . to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

Finally, the agreement explained that, should the government appeal, Kinsey would be released from his waiver. Kinsey and his attorney both signed the plea agreement.

Kinsey consented to pleading guilty before a magistrate judge. At his change of plea hearing, the magistrate judge placed Kinsey under oath and explained the rights he was giving up by pleading guilty. Turning to the appeal waiver, the magistrate judge explained that "ordinarily . . . [defendants] or the United States ha[ve] a right to appeal the conviction or sentence that the district court [might] impose, . . . but [there was] a waiver of appeal in [this] plea agreement." Kinsey stated that he understood. The magistrate judge continued, "by entering the plea agreement and entering a plea of guilty" in this agreement, Kinsey would be "waiv[ing], or giv[ing] up, [his] right to appeal or collaterally attack [his] sentence except in certain limited circumstances." The magistrate judge then specifically explained that these circumstances included if Kinsey got "sentenced in excess of the statutory maximum," if he received "a sentence that is an upward departure of

the guideline range," and if the case fell into "a limited exception for a claim related to ineffective assistance of counsel." Kinsey stated that he understood these limitations.

After finishing the rest of the Rule 11 plea colloquy, the magistrate judge prepared a report and recommendation ("R&R") regarding Kinsey's plea, concluding that his plea was "knowledgeable and voluntary." Kinsey did not object to the R&R, so the district court adopted it and set the case for sentencing. *See* 11th Cir. R. 3-1 (providing that, when a party fails to object to a magistrate judge's findings or recommendations in a report and recommendation, he "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object"). At sentencing, the district court sentenced Kinsey to a total term of 360 months' imprisonment, to be followed by fifteen years of supervised release.

Under these circumstances, we are satisfied that "the district court specifically questioned [Kinsey] concerning the sentence appeal waiver during [his] Rule 11 colloquy," *Bushert*, 997 F.2d at 1351, and that "it was clearly conveyed to [him] that he was giving up his right to appeal under *most* circumstances," *Boyd*, 975 F.3d at 1192 (quoting *Bushert*, 997 F.2d at 1352-53).

Kinsey's arguments on appeal fall within the scope of his sentence appeal waiver and do not fall into any of the exceptions.

Kinsey's 360-month total sentence is not in excess of any of the statutory maximums applicable. The maximum terms of

imprisonment for Kinsey's five counts of sexual exploitation of a child are 30 years per count. *See* 18 U.S.C. §§ 2251(a), (e) & 2. The maximum term of imprisonment for Kinsey's one count of possession of child pornography is 20 years. 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Moreover, Kinsey's sentence was not a departure or variance from the advisory guidelines range, and Kinsey does not claim ineffective assistance of counsel. In addition, the government has not appealed.

Kinsey knowingly and voluntarily waived his right to appeal his sentence and his challenges on appeal fall within the scope of his waiver. We, thus, **GRANT** the government's motion to dismiss. *See Bascomb*, 451 F.3d at 1294, 1297; *Bushert*, 997 F.2d at 1351.

**DISMISSED.**