[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11811

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEANDRE CANNON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cr-00313-ELR-RGV-1

_____

Before ROSENBAUM, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

DeAndrew Cannon appeals his 50-month sentence for conspiring to make false statements to a federally licensed firearms dealer, 18 U.S.C. § 371. On appeal, he argues that the district court: (1) clearly erred in applying a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B); and (2) clearly erred in applying an enhancement under U.S.S.G. § 2K2.1(b)(5). The government moves to dismiss the appeal, arguing that, as part of his plea agreement, Cannon knowingly and voluntarily waived his right to appeal. After careful review, we dismiss the appeal pursuant to Cannon's valid appeal waiver.

"We review the validity and scope of an appeal waiver *de novo*." *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022); *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). Generally, sentence appeal waivers are enforceable when they are made knowingly and voluntarily. *King*, 41 F.4th at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (explaining that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the

24-11811                Opinion of the Court                3

defendant that he was giving up his right to appeal under *most* circumstances'" (alterations adopted) (emphasis in original) (quoting *Bushert*, 997 F.2d at 1352-53)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Before the district court, Cannon entered into a plea agreement which included, under a section header titled "**Limited Waiver of Appeal**" a waiver of his right to appeal, that read:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

In exchange for the plea, the government agreed to dismiss other pending charges against Cannon and not to bring further charges against him for his conduct related to this charge.  At the end of the agreement, Cannon certified that he had read the agreement and "that the appeal waiver contained in the plea agreement w[ould] prevent [him], with the narrow exceptions stated, from appealing [his] conviction and sentence or challenging [his] conviction and sentence in any post-conviction proceeding."

Cannon appeared before the district court to plead guilty in June 2023.  He was placed under oath and confirmed that he understood the proceedings and the advice given to him by his attorney.  After the district court informed him of various rights he would be giving up by pleading guilty, Cannon acknowledged that he understood those rights and was waiving them by pleading guilty.  He also confirmed that he entered into the plea agreement freely and voluntarily and had signed it with his attorney.  The government then explained the agreement's terms, before reading the limited waiver of appeal "into the record verbatim."  After this summary, the court asked whether Cannon understood the agreement and Cannon confirmed that he did.

The court asked more specific questions about the waiver, noting that "as a part of this negotiated plea agreement," Cannon was "giving up the majority of [his] appellate rights, [his] rights to appeal, and retaining only limited ones."  Cannon confirmed that he understood.  The court then read the three exceptions to the waiver outlined in the plea agreement and asked specifically

whether Cannon understood that, "but for those three situations," he was "giving up [his] appellate rights, [his] rights to appeal, in this case." Cannon again confirmed that he understood. After the government summarized facts which it could prove at trial—and after Cannon confirmed that those facts were, as relevant, accurate—the district court concluded that there was a sufficient factual basis for the plea and accepted it as freely and voluntarily made. At sentencing, the court sentenced Cannon to 50 months' imprisonment, to be followed by 3 years of supervised release.

Under these circumstances, we are satisfied both that "the district court specifically questioned" Cannon "concerning the sentence appeal waiver during [his] Rule 11 colloquy," *Bushert*, 997 F.2d at 1351, and that "it was clearly conveyed to" him "that he was giving up his right to appeal under *most* circumstances," *Boyd*, 975 F.3d at 1192 (alterations adopted) (quoting *Bushert*, 997 F.2d at 1352-53). Therefore, the waiver in Cannon's plea agreement was knowing and voluntarily entered into and is enforceable.

Cannon's challenges to his sentence fall within the scope of the broad waiver and none of the exceptions to the appeal waiver apply. First, Cannon's 50-month sentence was not an upward variance from the guidelines range calculated by the district court; in fact, it was a downward variance. Cannon also has not argued that his counsel rendered ineffective assistance. Finally, the government has not appealed.

In sum, Cannon knowingly and voluntarily waived his right to appeal his sentence, and his challenges on appeal fall within the

6                         Opinion of the Court                        24-11811

scope of his waiver. Accordingly, we **GRANT** the government's motion to dismiss the appeal. *Bascomb*, 451 F.3d at 1294, 1297; *Bushert*, 997 F.2d at 1351.

    **DISMISSED.**