**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11307

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

YORMA GUERRA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00430-KKM-TGW-3

_____

Before LUCK, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Yorma Guerra appeals his 120-month
sentence for conspiring to possess with intent to distribute cocaine
and marijuana on a vessel subject to the jurisdiction of the

United States.  On appeal, Guerra argues that the district court erred by denying him (1) safety valve relief under 18 U.S.C. § 3553(f) and (2) a two-level reduction applicable to certain defendants with zero criminal history points.  The government moved to dismiss this appeal based on a sentence appeal waiver in Guerra's written plea agreement.  After careful review, we grant the government's motion and dismiss this appeal.

We review *de novo* the validity of a sentence appeal waiver. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.*

Here, the sentence appeal waiver in Guerra's written plea agreement is valid and enforceable.  In the plea agreement, Guerra acknowledged that he understood that he had the right to appeal his sentence, and waived that right unless he appealed on the ground(s) that the sentence: (1) "exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines"; (2) "exceeds the statutory maximum penalty"; or (3) "violates the Eighth Amendment to the Constitution."  In addition, Guerra could appeal his sentence "if the

government exercises its right to appeal the sentence imposed." The agreement indicated that, by signing it, Guerra certified that (1) he had either read the plea agreement in its entirety, or it was read to him; and (2) he fully understood its terms. The plea agreement was signed by Guerra, his attorney, and the government.

At a change of plea hearing held before the magistrate judge, Guerra (1) confirmed that he signed the signature page and that he initialed each page of the agreement; (2) testified that he was 33 years old, had a fourth-grade education, and was not under the influence of any drugs or alcohol; and (3) acknowledged that he had reviewed the plea agreement with his attorney and that he understood it.

The magistrate judge specifically addressed the appeal waiver, explaining that Guerra may appeal only "if the sentence exceeds the guideline range as determined by the Court under the guidelines, or if the sentence exceeds the statutory maximum penalty, or if the sentence violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines and cruel and unusual punishment." Guerra (1) indicated that he understood these narrow exceptions; (2) stated that he understood that he could not appeal the district court's calculation of the sentencing guidelines; and (3) freely and voluntarily assented to the plea agreement.

At the sentencing hearing, the district court similarly described the plea agreement and the sentence appeal waiver

contained therein.   Therefore, in view of these facts, we easily conclude that the sentence appeal waiver in Guerra's written plea agreement is valid and enforceable. *See Bushert*, 997 F.2d at 1351.

We also conclude that the exceptions to Guerra's sentence appeal waiver do not apply to this appeal because: (1) the district court did not impose a total sentence that exceeded the maximum permitted by statute or was the result of an upward departure or an upward variance from the advisory guideline range that the district court established at sentencing; (2) Guerra is not raising an Eighth Amendment challenge; and (3) the government has not appealed Guerra's total sentence.   Instead, Guerra challenges the district court's legal conclusions regarding (1) safety valve relief and (2) the two-level reduction applicable to certain defendants with zero criminal history points.   Guerra's sentence appeal waiver bars these challenges. *See United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (explaining that "[a]n appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error.").

Because we conclude that (1) the sentence appeal waiver is valid and enforceable and (2) none of its exceptions apply to Guerra's appeal, we GRANT the government's motion and DISMISS this appeal.